IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                              :
                                    :
MAXON ENGINEERING SERVICES, INC.,   :    Case No. 04-04781 (GAC)
                                    :
          Debtor                    :    Chapter 7
_____:
                                    :
MAXON ENGINEERING SERVICES, INC.,   :
                                    :
          Plaintiff,                :
                                    :
          v.                        :    Adv. No. 07-00177
                                    :
SR CONSTRUCTION & SERVICE, INC.,    :
                                    :
          Defendant                 :
_____:


DECISION AND ORDER

BACKGROUND

The debtor filed a voluntary petition under Chapter 11 on May 4, 2004.  The debtor filed schedules on May 24, 2004 and disclosed payments made within ninety days of the filing of the petition (dkt. #40 at pp. 114-135).  The case was converted to Chapter 7 on June 13, 2006 and Noreen Wiscovitch Rentas was appointed interim trustee on June 14, 2006.  On June 11, 2007, the Chapter 7 trustee filed this adversary proceeding for recovery of a preferential payment in the amount of $222,816.86, made to the defendant SR Construction & Service, Inc. ("SR") on account of a prepetition debt.  SR was a supplier to the debtor corporation.

SR filed a motion to dismiss the complaint contending that it

1

is time barred (dkt. #10).  The trustee filed an opposition to the motion to dismiss (dkt. #13) and an addendum (dkt. #18), contending that the statute of limitations was equitably tolled.  The trustee alleges that, in a predetermined strategy, the debtor's representative extended and prolonged the Chapter 11 case until the limitations period expired to prevent the trustee from exercising avoiding powers and suing insiders, who allegedly transferred millions of dollars to the Dominican Republic, and others.  At a hearing held on February 15, 2008, the Court took the matter under advisement (dkt. #20).

<u>DISCUSSION</u>

The Bankruptcy Code includes limitations on the trustee's ability to avoid prepetition preferences.  Section 546 provides that:

> (a) [a]n action or proceeding under section ... 547 ...
> of this title may not be commenced after the earlier of-
> > (1) the later of-
> > > (A) 2 years after the entry of the order for relief; or
> > > (B) 1 year after the appointment or election of the first trustee under section 702 . . . if such election occurs before the expiration of the period specified in subparagraphs (A); or
> > (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).  Thus, the limitations period is two years after the order for relief or one year after the appointment of a Chapter 7 trustee, if the trustee is appointed within the initial two year period.

The present adversary proceeding was not filed within two

2

years after the entry of the order for relief nor was it filed within one year after the appointment of the first trustee. Moreover, the appointment of the trustee did not occur within two years after the entry of the order for relief. The parties agree that the action would be time barred under a strict application of the statute of limitations found in 11 U.S.C. § 546(a). The trustee's ability to obtain relief hinges on an equitable tolling of the statute of limitations.

The doctrine of equitable tolling was first recognized by the United States Supreme Court in Bailey v. Glover, 88 U.S. 342 (1874). Of relevance here, in Bailey, the Supreme Court held that where fraud is concealed by the other party or where because of its nature, the fraud remains secret, the statute of limitations does not commence to run until the fraud is discovered. Id. Thus, the essence of the doctrine of equitable tolling is that a statute of limitations does not run against a plaintiff who, through no fault, has no knowledge of the cause of action. The United States Supreme Court subsequently concluded that the equitable tolling doctrine must be read into every federal statute of limitations. Holmberg v. Armbrecht, 327 U.S. 392 (1946). Thus, while the Bankruptcy Code does not expressly contain a tolling provision, courts considering the matter have recognized that 11 U.S.C. § 546 is subject to the doctrine of equitable tolling. See e.g. In re M&L Business Mach. Co., Inc., 75 F.3d 586 (10th Cir. 1996); In re United Ins.

Management, Inc., 14 F.3d 1380, 1384 (9th Cir. 1994).

While the doctrine of equitable tolling may be applied in situations where wrongful conduct prevents the plaintiff from timely commencing the cause of action, the cases cited by the trustee involve concealment of fraudulent conduct that gives rise to the cause of action. See e.g. In re Olsen, 36 F.3d 71 (9th Cir. 1994)(trustee sought to void postpetition conveyances of debtors' property to their son and daughter-in-law without court authorization and without notice to the trustee); In re J&D Sciences, Inc., 335 B.R. 791 (Bankr. S.D.Fla. 2006)(trustee sought to avoid prepetition assignment of debtor's interest in patent as fraudulent transfer to debtor's insider); In re McGoldrick, 117 B.R. 554 (Bankr. C.D.Cal. 1990)(trustee sought to avoid fraudulent conveyance to spouse). The majority of cases considering the application of equitable tolling have involved allegations of concealment of a fraud, such as where a debtor fraudulently transfers assets and conceals the transfers, which would not seem to be applicable to a general preference claim, since the preferential payment is not itself fraudulent.

The case law which states that the doctrine of equitable tolling applies if the concealment is committed by any of the parties, involves egregious conduct directly related to the avoidance action. See e.g. In re Pomaville, 190 B.R. 632 (Bankr. D.Minn. 1995)(allegations of fraudulent transfer of stocks to

4

debtor's former wife); <u>In re Butcher</u>, 72 B.R. 247 (Bankr. E.D.Tenn. 1987)(allegations that debtor had fraudulently concealed ownership and transfer of property of the estate without valid consideration). On the other hand, other courts have held that the defendant must have participated in the fraud or be the party who actually concealed the fraudulent conduct. See e.g. <u>Schaefer v. First National Bank of Lincolnwood</u>, 509 F.2d 1287, 1296 (7th Cir. 1975)(in Rule 10b-5 securities fraud case, federal tolling doctrine operates against "those who commit the alleged fraudulent acts and those who negligently facilitate fraud"); <u>Matter of Mediators, Inc.</u>, 190 B.R. 515 (S.D.N.Y. 1995)(holding that statute of limitations only tolled as to defendants who actively participated in the concealment).

While this Court does not necessarily conclude that the defendant must perpetrate the fraud or wrongful conduct, there must be a nexus between the defendant and the wrongful conduct. In other words, the defendant must have at least been a party to the wrongful conduct. The present adversary is against a third party supplier that had no connection with the debtor's alleged post-petition fraudulent conduct. The cause of action is against a general trade creditor for avoidance of a preference. Accepting, the trustee's allegations as true, SR was owed money by the debtor prepetition and paid within the preference period. SR received more money than it would have received in a Chapter 7, but there is

no allegation of wrongful conduct on SR's part or that SR's claim was paid fraudulently.  Moreover, the payments made to the debtor's creditors within the preference period, were disclosed in the debtor's schedules.

The trustee alleges that the debtor's representative intentionally prolonged the Chapter 11 case until the limitations period expired to prevent the trustee from exercising avoidance powers and suing insiders and others.  The insiders allegedly transferred millions of dollars to the Dominican Republic.  But, this alleged conduct by debtor's representative occurred after the prepetition payments to SR and the post-petition conduct of the debtor's representative did not give rise to the present cause of action for recovery of a preference.  The cause of action against SR is only based on a prepetition payment, not the debtor's subsequent postpetition conduct.  Unlike the debtor's insiders, who allegedly perpetrated and benefitted from the purported fraud, SR is an innocent third party as to the alleged post-petition misconduct.

The Court concludes that it would be inequitable to allow the trustee to use the doctrine of equitable tolling to bring this action against a general trade creditor for a prepetition preference, since this defendant played no role in the alleged wrongful conduct perpetrated by the debtor's representative post-petition.  The Court concludes that this action is time-barred

pursuant to 11 U.S.C. § 546(a).  Accordingly, the adversary proceeding will be dismissed.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that the motion to dismiss (dkt. #10), filed by SR Construction & Service, Inc., shall be, and it hereby is, GRANTED.

SO ORDERED.

San Juan, Puerto Rico, this 8th day of May, 2008.


BY THE COURT:


s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge